MGD

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Abel Christiansen,

Plaintiff,

v.

Centurion Health, et al.,

Defendants.

No.   CV-22-00218-PHX-JAT (MTM)

**ORDER**

Plaintiff Abel Christiansen, who was previously confined in the Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR), brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding ADCRR's policy on gender affirming surgery and denial of treatment for his gender dysphoria.[1]  Before the Court is Plaintiff's Motion for Partial Summary Judgment on Count 1 (Doc. 39) and Defendant Shinn's Motion for Summary Judgment (Doc. 80).  Plaintiff was informed of his rights and obligations to respond to Defendant Shinn's Motion pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 86), and he opposes the Motion (Doc. 93).

**I.    Background**

On screening the Complaint (Doc. 1) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment claims in Count One against former

---

[1] Plaintiff states that he is a transgender male undergoing a transition from female to male.

ADCRR Director David Shinn,[2] in his official capacity, and in Count Two against Assistant Regional Medical Director Dr. Murray Young, in his individual capacity, and directed them to answer the claims against them.  (Doc. 11.)  The Court dismissed the remaining claims and Defendants.  (*Id.*)

In an Order dated May 4, 2023, the Court granted a stipulated motion by Plaintiff and Dr. Young to substitute Centurion of Arizona, LLC ("Centurion") for Dr. Young and dismissed Dr. Young from this action with prejudice.  (Doc. 98.)  The Court subsequently dismissed Centurion and all claims against it with prejudice pursuant to the parties' stipulation.  (Doc. 101.)

On December 2, 2022, Plaintiff filed a Notice of Change of Address indicating he had been released from prison and was now living in Phoenix, Arizona.[3]  (See Doc. 67.)

Plaintiff filed his Motion for Summary Judgment on the merits before he was released from prison, and Defendant Thornell filed his Motion for Summary Judgment after Plaintiff's release.

## II.    Legal Standards

### A.    Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

---

[2] Defendant Shinn stepped down as ADCRR Director in January 2023, and current ADCRR Director Ryan Thornell, in his official capacity, was substituted for Shinn.  (*See* Doc. 80 at 1 n.1; *see* docket entry dated March 7, 2023.)

[3] ADCRR online records also show that Plaintiff was released to Community Supervision on November 30, 2022.  *See* ADCRR, *Inmate Data Search*, available at https://corrections.az.gov/inmate-data-search (search for Inmate Number 297023) (last visited Aug. 3, 2023).

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co.*, *Ltd. v. Fritz Co.*, *Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

## B. Eighth Amendment

Under the Eighth Amendment, a prisoner must demonstrate that a defendant acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There are two prongs to the deliberate-indifference analysis: an objective prong and a subjective prong. First, a prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations omitted). A "'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal

citation omitted).  Second, a prisoner must show that the defendant's response to that need was deliberately indifferent.  *Jett*, 439 F.3d at 1096.  An official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; to satisfy the knowledge component, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Even if deliberate indifference is shown, to support an Eighth Amendment claim, the prisoner must demonstrate harm caused by the indifference.  *Jett*, 439 F.3d at 1096; *see Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in providing medical treatment does not constitute Eighth Amendment violation unless delay was harmful).

Additionally, to prevail on a claim against Defendant Thornell in his official capacity, Plaintiff must meet the test articulated in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-94 (1978).  Accordingly, Plaintiff must show that an official policy or custom caused the constitutional violation.  *Monell*, 436 U.S. at 694.  To make this showing, he must demonstrate that (1) he was deprived of a constitutional right; (2) Corizon or Centurion had a policy or custom; (3) the policy or custom amounted to deliberate indifference to Plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation.  *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

**III.   Facts**

Plaintiff is transgender and has been undergoing hormone replacement therapy, but he has continued to report gender dysphoria symptoms.  (Doc. 41 (Pl.'s Statement of Facts) ¶¶ 1-3.)  ADCRR Department Order (DO) 810, with an effective date of April 15, 2021, stated that medical staff could not provide gender reassignment surgery.  (*Id.* ¶ 4.)

In an Informal Complaint dated September 23, 2021, Plaintiff wrote that ADCRR policy discriminates against transgender prisoners because DO 810 prohibits gender reassignment surgery.  (Doc. 41 at 23.)  Plaintiff then filed a grievance regarding DO 810 stating that the policy was preventing Plaintiff from being appropriately evaluated for

desperately needed medical care; the final response to Plaintiff's grievance appeal stated that, "a policy change is not being considered at this time." (Doc. 41 ¶¶ 6-7.) Nevertheless, the policy was changed after Plaintiff filed his Complaint in this case. (*Id.* ¶ 8.) Despite the policy change, "a blanket ban on gender confirming surgery is still contained in the ADCRR Health Services Technical Manual which states 'gender reassignment surgery is not possible for inmates who reside in a correctional facility.'" (*Id.* ¶ 9.)

Defendant disputes that a change to DO 810 was the result of Plaintiff's lawsuit and asserts that ADCRR began the process of revising the April 5, 2021 version of DO 810 in late Spring 2021. (Doc. 81 (Def.'s Statement of Facts) ¶¶ 4-5.) DO 810, with an effective date of April 1, 2022, now provides that prisoners who identify as transgender or intersex shall be afforded, upon request, "[m]edical Services, as needed, including diagnosis and treatment for gender dysphoria . . . . that are consistent with evidence-based standards . . . and without regard to the extent or type of treatment prior to intake." (*Id.* ¶ 3.) The ADCRR Medical Services Technical Manual (MSTM) was revised and no longer contains the language regarding limitations on gender-reassignment surgery." (*Id.* ¶ 10.)

On February 24, 2022, Plaintiff sent an inmate letter to Dr. Phillips requesting a double mastectomy. (*Id.* ¶¶ 16-17; Doc. 41 at 16.) In response, Dr. Phillips reviewed Plaintiff's medical records, and Dr. Stallcup, ADCRR's Mental Health Director, reviewed Plaintiff's mental health records to determine whether he was experiencing significant distress because of his gender dysphoria and to assess his current level of mental health functioning. (Doc. 81 ¶ 19.) Dr. Stallcup advised ADCRR's Transgender Committee that she saw no evidence that Plaintiff was experiencing significant distress because of his gender dysphoria. (*Id.* ¶ 25.) Based on his own and Dr. Stallcup's review and opinion, Dr. Phillips concluded that gender confirmation surgery was not medically necessary for the treatment of Plaintiff's gender dysphoria at that time, and the Transgender Committee decided not to recommend approval. (*Id.* ¶¶ 28-29.)

. . . .

. . . .

**IV.     Discussion**

In his Motion for Partial Summary Judgment, Plaintiff seeks compensatory and punitive damages and a permanent injunction requiring Defendant to immediately schedule him for a consultation with a gender identity disorder specialist to evaluate Plaintiff and determine if a double mastectomy is medically necessary and to require ADCRR to revise its Health Services Technical Manual.  (Doc. 39.)

Defendant Thornell filed his Motion for Summary Judgment after Plaintiff's release, arguing that Plaintiff's request for injunctive relief is moot given his release from prison and that Plaintiff cannot obtain monetary damages from Defendant in his official capacity because the Eleventh Amendment bars damages claims against state officials sued in their official capacities.  (Doc. 80.)  In his Response, Plaintiff does not address Defendant's argument regarding monetary damages, but he does address the issue of mootness.  (Doc. 93.)

Plaintiff cannot maintain a claim for damages against Defendant Thornell in his official capacity under § 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but . . . against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted) (holding that the Eleventh Amendment protects states from being sued for damages in federal court).  By its express terms, § 1983 applies to "person[s]" acting under color of state law, which does not include states.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983.  Likewise[,] 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted).

As to Defendant's argument regarding mootness, Plaintiff asserts the issue is not moot because it is capable of repetition since Plaintiff is currently on parole "and is still under the custody of ADCRR and could potentially be returned to an ADCRR facility at any time."  (Doc. 93 at 1.)

1       Generally, a prisoner's release or transfer from a prison while his claims are pending

2  moots his claims for injunctive and declaratory relief because he "is no longer subject to

3  the prison conditions or policies he challenges." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th

4  Cir. 2012) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("[a]n inmate's

5  release from prison while his claims are pending generally will moot any claims for

6  injunctive relief relating to the prison's policies unless the suit has been certified as a class

7  action"); *Incumaa v. Ozmint,* 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is

8  removed from the environment in which he is subjected to the challenged policy or

9  practice, absent a claim for damages, he no longer has a legally cognizable interest in a

10  judicial decision on the merits of his claim."); *Rhodes v. Stewart*, 488 U.S. 1, 2-4 (1988)).

11  An exception to the mootness doctrine exists if a violation is "capable of repetition, yet

12  evading review." *Dilley*, 64 F.3d at 1368.  This exception applies when (1) the duration of

13  the challenged action is too short to be litigated before cessation and (2) there is a

14  reasonable expectation that the injury will occur again.  *Id.*  Plaintiff's release from

15  ADCRR custody renders his official capacity claim for injunctive relief moot, unless he

16  can present some indication that he expects to be transferred back to ADCRR custody. *See*

17  *Preiser v. Newkirk*, 422 U.S. 395, 402-403 (1975); *Johnson v. Moore*, 948 F.2d 517, 519

18  (9th Cir. 1991).

19       Here, there is no reasonable expectation that Plaintiff will return to ADCRR custody

20  in the foreseeable future.  The possibility that Plaintiff may be returned to ADCRR custody

21  is "too speculative to rise to the level of reasonable expectation or demonstrated

22  probability." *Wiggins v. Rushen*, 760 F.2d 1009, 1010 (9th Cir. 1985).  Therefore,

23  Plaintiff's request for injunctive relief is moot.

24       Because Plaintiff cannot obtain money damages in this action, and his request for

25  injunctive relief is moot, the Court will grant Defendant's Motion for Summary Judgment

26  and deny Plaintiff's Motion for Summary Judgment.

27  . . . .

28  . . . .

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Partial Summary Judgment on Count 1 (Doc. 39) and Defendant Shinn's Motion for Summary Judgment (Doc. 80).

(2)     Plaintiff's Motion for Partial Summary Judgment on Count 1 (Doc. 39) is **denied**.

(3)     Defendant Shinn's Motion for Summary Judgment (Doc. 80) is **granted**, and this action is terminated with prejudice.   The Clerk of Court must enter judgment accordingly.

Dated this 14th day of August, 2023.

James A. Teilborg
Senior United States District Judge